IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY EALY,** *et al.,*

        Plaintiffs,

  vs.                              Civil Action 2:08-CV-1020
                                        Judge Frost
                                        Magistrate Judge King

**OHIO FAIR PLAN UNDERWRITING
ASSOCIATION,**
        Defendant.

## ORDER AND
## REPORT AND RECOMMENDATION

Larry Ealy has submitted a complaint purporting to assert claims on behalf of himself and his wife. However, the complaint is signed by only Larry Ealy and only Larry Ealy has submitted a request for and affidavit in support of leave to proceed *in forma pauperis*. *See* 28 U.S.C. §1915(a). The complaint is therefore construed as presenting a claim only on behalf of Larry Ealy.

The application for leave to proceed *in forma pauperis* is **GRANTED.** However, having reviewed the complaint, the Court concludes that it lacks jurisdiction over the claims asserted in this case. F.R. Civ. P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

In the complaint, plaintiff alleges that a judge of the Court of Common Pleas for Franklin County, Ohio, "deprived ... Larry E. Ealy of his Constitutional Rights ... ." *Complaint,* p.1.[1]

The *Rooker-Feldman* doctrine, *see D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415-16

---

[1] Attachments to the complaint include filings from other court cases involving plaintiff Larry Ealy.

(1923), denies federal jurisdiction to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobile Corp v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The United States Court of Appeals for the Sixth Circuit has interpreted that limitation to mean that the *Rooker-Feldman* doctrine applies only when a plaintiff complains of injury from the state court judgment itself. *Coles v. Granville,* 448 F.3d 853, 858 (6th Cir. 2006).

The complaint in this action unquestionably challenges the state court judge's application of law to plaintiff's case in the Franklin County Court of Common Pleas. The *Rooker-Feldman* doctrine therefore prohibits this Court from exercising jurisdiction over this case.

It is therefore **RECOMMENDED** that the action be **DISMISSED** for lack of subject matter jurisdiction.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision

of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


November 5, 2008                    *s/Norah McCann King*
                                   Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge