# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LARRY EALY, *et al.*,**

      Plaintiffs,

  vs.                              Civil Action 2:08-CV-1020
                                       Judge Frost
                                       Magistrate Judge King

**OHIO FAIR PLAN UNDERWRITING ASSOCIATION,**

      Defendant.

### ORDER

On November 5, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the action be dismissed for lack of subject matter jurisdiction. *Report and Recommendation*, Doc. No. 2. This matter is now before the Court on the objection to that Report and Recommendation filed by plaintiff Larry E. Ealy.[1] *Objection*, Doc. No. 5. The Court has considered the *Objection* and the *Report and Recommendation de novo*. *See* 28 U.S.C. §636(b).

The *Report and Recommendation* reasoned that, because the *Complaint* seeks recovery for alleged injury arising from a judgment of the Court of Common Pleas for Franklin County, Ohio, the *Rooker-Feldman* doctrine, *see D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923), prohibits this Court from considering the claims asserted in this action.

In his *Objection*, plaintiff Larry E. Ealy continues to refer to orders and a judgment entered by the Court of Common Pleas for Franklin County, Ohio, and in addition refers to orders and judgments of

---

[1] Although the complaint was purportedly filed on behalf of Larry E. Ealy and Belinda Ealy, only Larry E. Ealy signed the complaint. *See Complaint*, Doc. No. 3.

other courts of the State of Ohio. He also appears to challenge the determination of the state courts that he is a vexatious litigator within the meaning of O.R.C. §2323.52.

Consideration of plaintiff Ealy's claims are foreclosed to this Court by the *Rooker-Feldman* doctrine. Moreover, to the extent that plaintiff Ealy seeks to relitigate in this action claims or issues resolved by other courts, the doctrine of *res judicata* prohibits him from doing so. See *Vinson v. Campbell County Fiscal Court,* 820 F.2d 194 (6th Cir.1987); *see also Johnson's Island, Inc. v. Board of Township Trustees of Danbury Township,* 69 Ohio St.2d 241 (1982).

The objections to the *Report and Recommendation* are **DENIED**. The Report and Recommendation is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

  /s/ Gregory L. Frost  
    Gregory L. Frost  
United States District Judge